# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe 202a, ) | C/A No. 2:16-cv-00777-RMG-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | Report & Recommendation |
| ) | |
| Leigh Anne McGowan, individually; ) | |
| Charles Francis Wholleb, individually; ) | |
| Anthony M. Doxey, individually; Michael ) | |
| Kouris, individually; City of North Charleston; ) | |
| Sandra J. Senn; Senn Legal, LLC; & ) | |
| Charleston County, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, through counsel, brings this action under 42 U.S.C. § 1983 and state law. Before the court is Defendants Sandra J. Senn and Senn Legal, LLC's Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8.) The Plaintiff's Memorandum Opposing the Motion to Dismiss by Defendants Sandra J. Senn and Senn Legal, LLC was filed on June 13, 2016. (Dkt. No. 22.) Defendants Sandra J. Senn and Senn Legal ("the Senn Defendants") filed a reply on June 22, 2016. (Dkt. No. 25.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Motion to Dismiss (Dkt. No. 8) be granted.

The only causes of action brought against the Senn Defendants in the Complaint are brought under 42 U.S.C. § 1983 and for defamation under state law. (Dkt. No.1 ¶¶ 227-232, 246-258.) The Senn Defendants are named as defendants in a related case brought by the Plaintiff. *See Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB. The Plaintiff concedes that the

1

defamation claims brought against the Senn Defendants in the case at bar and in 2:16-cv-0530 are the same claims. (Dkt. No. 22 at 12.)

## Relevant Alleged Facts

The Plaintiff alleges that on March 27, 2014, she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance after a warrantless intrusion into her home. (Dkt. No. 1.) The Plaintiff alleges multiple violations of her constitutional rights related to the warrantless entry and arrest.

In 2014, the City of North Charleston and Defendants McGowan, Wholleb[1], Doxey, and Kouris hired the Senn Defendants to defend them in a legal action brought by the Plaintiff's mother. (Dkt. No. 1 ¶ 140.) After retaining the Senn Defendants, the City of North Charleston and Defendants McGowan, Wholleb, Doxey, and Kouris "began a series of retaliatory acts against" the Plaintiff and her mother. (*Id.* ¶ 141.) The Plaintiff alleges that Sandra J. Senn joined the other Defendants in the retaliation by defaming the Plaintiff in writing. (*Id.*) The Plaintiff alternatively alleges that Defendant Senn acted on her own behalf. (*Id.* ¶ 142.) The Plaintiff alleges that the Senn Defendants falsely accused the Plaintiff of criminal acts, falsely denied the Plaintiff sustained constitutional abuses, and generally disparaged the Plaintiff to third persons in writing. (*Id.* ¶ 143.)

The Plaintiff alleges that Sandra J. Senn is a private citizen and Senn Legal, LLC is a domestic for-profit limited liability corporation with Sandra J. Senn as its principal. (Dkt. No. 1 ¶¶5-7.) The Plaintiff alleges that Sandra Senn both personally and on behalf of her clients defamed the Plaintiff. (*Id.* ¶¶ 246-58.) The Plaintiff alleges Defendant Senn wrote to third

---

[1] The caption of the Complaint lists "Charles Francis Wholleb" as a Defendant. Later in the Complaint, the Defendant is referred to as "Wohlleb." (Dkt. No. 1 ¶ 3.) On the waiver of service, the Defendant is referred to a "Woheb." (Dkt. No. 16.) The undersigned refers to the Defendant as "Wholleb" because that is how the name is spelled in the caption.

parties accusing the Plaintiff of "(a) lying, (b) falsely reporting a crime against her, (c) of felony conduct of abusing a vulnerable adult, meaning her mother, and (d) false claims of other misconduct because [the Plaintiff] had asserted her rights." (*Id.* ¶ 250.)  The Plaintiff alleges Defendant Senn defamed the Plaintiff with actual malice. (*Id.* ¶¶ 255-256.) The Plaintiff alleges that Defendant Senn allowed Defendant McGowan to give false testimony in a deposition. (Dkt No. 256.)

The Plaintiff additionally alleges Defendant Senn is liable under § 1983 for actions she took on behalf of her clients infringing on the Plaintiff's constitutional rights. (Dkt. No. 1 ¶¶ 227-232.

## Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving

3

party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).  However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## Defamation Claims

This court recommends that the Plaintiff's defamation claims against the Senn Defendants be dismissed as impermissible claim splitting. "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed.App'x. 256, 265 (4th Cir.2008)). "The rule against claim splitting is one of the principles of *res judicata*. Sensormatic Sec. Corp.*, 273 F. App'x at 264. "Under this rule, a first lawsuit will bar a second lawsuit when there is: (i) 'an identity of the cause of action in both the earlier and the later suit; and [(ii)] an identity of parties or their privies in the two suits.'" *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2014 WL 2434636, at *10 (D.S.C. May 28, 2014) (quoting *Pueschel v. United States,* 369 F.3d 345, 354–55 (4th Cir.2004)).

The Plaintiff has explicitly admitted that the defamation claims in the case at bar and *Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB, are the same claims. (Dkt. No. 22 at 12.) The Plaintiff makes a similar admission on page 11 in Docket Number 32 of 16-cv-00530. Examining the Complaints in both cases, this court finds that they are duplicative.  Both of the cases have Jane Doe 202a as the Plaintiff and include the Senn Defendants.  Therefore the

4

defamation claims in the case at bar, which was the second case filed, are precluded as improper claim splitting.

In addition to being improper claim splitting, the Complaint fails to allege a defamation claim upon which relief may be granted. "Each act of defamation is a separate tort that, in most instances, a plaintiff must specifically allege." *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, 172 F.3d 862 (Table)(4th Cir. 1999) (citing *Caudle v. Thomason,* 942 F.Supp. 635, 638 (D.D.C.1996) ("in order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'")) A defendant "cannot be expected to defend against an allegation that [the defendant] defamed Plaintiff by making a statement heard by unknown persons at an unknown place at an unknown time." *Colleton v. Charleston Water System, et al,* No. 2:15-cv-2321-RMG at *8 (D.S.C. Mar. 25, 2016) (dismissing plaintiff's defamation claim without prejudice).  The Complaint does not allege with specificity the time, place, medium, or listener of any of the alleged defamatory statements.  Therefore, this court recommends that the defamation claims against the Senn Defendants be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure as well.

## 42 U.S.C § 1983 Claim

The Plaintiff has failed to state a claim upon which relief may be granted against the Senn Defendants under 42 U.S.C. § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also*

5

*Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).  In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." *Id.* at 507 (quoting *Blum*, 457 U.S. at 1004).  A private attorney representing state actors does not act under color of state law for § 1983 purposes. *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC, et al.,* No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Feb. 5, 2015) *Rep't & Recommendation adopted,* No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Mar. 3, 2015) (citing *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005)).

The Plaintiff alleges that Sandra J. Senn is liable "to the extent she acted on behalf of one or more clients…." (Dkt. No. 1 ¶ 229.) As a matter of law, Defendant Senn was not a state actor for any acts she took in a representative capacity of her clients.  The Plaintiff has failed to allege any actionable § 1983 claim against Defendant Senn because the Complaint does not allege sufficient allegations that Defendant Senn acted under color of state law.  Therefore, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Senn be dismissed.

## Conclusion

Based on the forgoing, this court RECOMMENDS that the Defendants Sandra J. Senn and Senn Legal, LLC's Motion to Dismiss be GRANTED as to all claims WITH PREJUDICE.

IT IS SO RECOMMENDED.

January 5, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).