IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | C/A No. 2:16-cv-00777-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report & Recommendation |
| | ) | |
| Leigh Anne McGowan, individually; | ) | |
| Charles Francis Wholleb, individually; | ) | |
| Anthony M. Doxey, individually; Michael | ) | |
| Kouris, individually; City of North Charleston; | ) | |
| Sandra J. Senn; Senn Legal, LLC; & | ) | |
| Charleston County, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, through counsel, brings this action under 42 U.S.C. § 1983 and state law. Before the court is Defendant Charleston County's Motion to Dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11.) The Plaintiff filed her Opposition to Charleston County's Motion to Dismiss on June 16, 2016. (Dkt. No. 23.) Defendant Charleston County ("the County") filed a reply on June 27, 2016. (Dkt. No. 28.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This court recommends that the Motion to Dismiss (Dkt. No. 11) be granted.

**Relevant Alleged Facts**

The Plaintiff alleges that on March 27, 2014, she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance after a warrantless intrusion into her home. (Dkt. No. 1.) The Plaintiff alleges multiple violations of her

1

constitutional rights related to the warrantless entry and arrest. The Plaintiff does not allege that Charleston County infringed on any of the Plaintiff's rights in any way.

The Plaintiff alleges that Charleston County is a political subdivision of the state of South Carolina (Dkt. No. 1 ¶ 10.) The Plaintiff alleges that Charleston County must "reimburse" the Plaintiff pursuant to S.C. Code § 16-5-60 for any award beyond the limits imposed by other statutes. (*Id.* ¶¶ 237-241.) The Plaintiff alleges that Charleston County is responsible for the payment of damages for any award she may receive for the infringement of her constitutional rights by other Defendants. (*Id.* ¶ 241.)

### Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan*

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## **Analysis**

This court recommends that the Plaintiff's claim against Charleston County be dismissed. The Plaintiff's claim against Charleston County is solely based on S.C. Code § 16-5-60 ("the Statute"), which states as follows:

> Any citizen who shall be hindered, prevented or obstructed in the exercise of the rights and privileges secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State or shall be injured in his person or property because of his exercise of the same may claim and prosecute the county in which the offense shall be committed for any damages he shall sustain thereby, and the county shall be responsible for the payment of such damages as the court may award, which shall be paid by the county treasurer of such county on a warrant drawn by the governing body thereof. Such warrant shall be drawn by the governing body as soon as a certified copy of the judgment roll is delivered to them for file in their office.

S.C. Code § 16-5-60. The Statute was enacted in 1871 "to protect the political rights and liberties of the citizens of the state." *Brazzill v. Lancaster Cty.,* 132 S.C. 347, 128 S.E. 728, 729 (1925). The Statute "holds a county strictly liable-that is, liability attaches irrespective of any duty of the county." *Sadek v. Lambert*, No. 0:13-cv-02174-TLW, 2014 WL 117671, at *4 (D.S.C. Jan. 13, 2014). "[T]he [S]tatute does not create a new right but is merely remedial." *Id.* (citations omitted).

The County argues that the Plaintiff's claim fails because the Statute was impliedly repealed by the South Carolina Tort Claims Act ("the Act"), S.C. Code § 15-78-10, et seq. (Dkt. No. 11) The Plaintiff argues that the Statute and the Act do not conflict because the Statute is

3

remedial against a county while the Act concerns liability against a government actor. (Dkt. No. 23 at 2-3.) The Plaintiff notes that the legislature did not explicitly repeal the Statute. The Plaintiff argues that the Statute serves to allow the Plaintiff to recover from the County "in the manner of an excess insurer." (*Id.* at 7.)

Additionally, the County argues that the Plaintiff has failed to allege a plausible claim for relief against the County. (Dkt. No. 11) The County argues that the Complaint merely recites the language of the Statute and fails to allege how the County is liable. (*Id.*) The Plaintiff agrees that Charleston County's "officials and agents" did not act "to cause liability." (Dkt. No. 23 at 6.) Rather, the Plaintiff argues, "[t]he claim against Charleston County is contingent on other remedies for rights violations being insufficient, and the issue under [the Statute] is properly reached only when a judgment is obtained…." (*Id.*)

## **Implied Repeal**

This court concludes that S.C. Code § 16-5-60 was impliedly repealed by the South Carolina Tort Claims Act ("the Act"), S.C. Code § 15-78-10, et seq. In *Sadek v. Lambert*, No. 0:13-cv-02174-TLW, 2014 WL 117671 (D.S.C. Jan. 13, 2014), Chief U.S. District Judge Terry l. Wooten accepted the Magistrate Judge's Report and Recommendation concluding that the Statute was impliedly repealed by the Act. The district court's Order granted York County South Carolina's Motion to Dismiss and explicitly dismissed the cause of action under the Statute. *Id.* at 1. The Plaintiff argues that none of the arguments she raises were presented in *Sadek*. (Dkt. No. 23 at 2.) Additionally, the Plaintiff argues that no objections were made to the magistrate

4

judge's Report & Recommendation on *Sadek* and that the issue of implied repeal "was not actually litigated."[1] (*Id.*)

Other courts in South Carolina have held that S.C. Code § 16-5-60 was impliedly repealed by the South Carolina Tort Claims Act, S.C. Code § 15-78-10, et seq., as well.[2] In *Wm. Bradley Anderson v. City of Florence,* et al., then-South Carolina Circuit Judge Ralph King Anderson, Jr., held that "[t]o the limited extent set forth above, the Tort Claims Act has impliedly repealed Section 16-5-60 and is the exclusive civil remedy available to a citizen for his injuries and damages…made actionable by Section 16-5-60." *Wm. Bradley Anderson v. City of Florence,* et al., C/A # 91-CP-21-983 (Dec. 4, 1991) (Order attached.)   The issue in *Anderson* was identical to the case at bar in that the only claim against Florence County was brought under the Statute.  Judge Anderson granted Florence County's Motion to Dismiss.

In *Richard T. Fields v. County of Florence, et al.,* the sole claim against the County of Florence was brought under S.C. Code § 16-5-60. *Richard T. Fields v. County of Florence, et al.,* 4:94-cv-3377-WBT (D.S.C. March 9, 1995).  Magistrate Judge E.S. Swearingen recommended that the County of Florence's Motion to Dismiss be granted on the basis of Judge Anderson's Order holding that the Statute was impliedly repealed by the Act. (*Id.*) Subsequent to the filing of the Report & Recommendation, then-District Judge Traxler granted the County of Florence's

---

[1] This court is not persuaded the issue of implied repeal "was not actually litigated" in *Sadek*.  In *Sadek*, the defendant's motion to dismiss was filed, and the plaintiff filed a response. *Sadek v. Lambert*, No. 0:13-cv-02174-TLW, 2014 WL 117671 at * 1. The court then held a hearing on the motion on October 15, 2013. *Id.*  Following the hearing, each party filed supplemental memoranda. (*Id.*) The magistrate judge filed her Report & Recommendation on December 18, 2013. *Sadek v. Lambert*, No. 0:13-cv-02174-TLW (D.S.C. Dec.18, 2013).  The Report & Recommendation was ordered accepted by the district court on January 13, 2014. *Sadek v. Lambert*, No. 0:13-cv-02174-TLW, 2014 WL 117671 at * 1.

[2] In *Denney v. Berkeley County, et al.,* 3:10-cv-1383-RMG-JRM (D.S.C. Sept. 5, 2012), the district court dismissed the plaintiff's claims against Berkeley county brought under S.C. Code § 16-5-60, but did not address the issue of implied repeal as neither party objected to the Magistrate Judge's Report & Recommendation on the Motion to Dismiss to Berkeley County.

Motion to Dismiss on April 5, 1995. *Richard T. Fields v. County of Florence, et al.,* 4:94-cv-3377-WBT (D.S.C. April 5, 1995).

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 743 S.E.2d 778, 784 (2013) (citing *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "There is a presumption that the legislature has knowledge of previous legislation as well as of judicial decisions construing that legislation when later statutes are enacted concerning related subjects." *State v. McKnight*, 352 S.C. 635, 648, 576 S.E.2d 168, 175 (2003). "[R]epeal by implication is disfavored, and is found only when two statutes are incapable of any reasonable reconcilement" because it is presumed that the legislature would expressly repeal an existing law if that were its intent. *Aakjer v. City of Myrtle Beach*, 388 S.C. 129, 135, 694 S.E.2d 213, 216 (2010). "The repugnancy must be plain, and if the two provisions can be construed so that both can stand, a court shall so construe them." *Id.* (quoting *Spectre, LLC v. South Carolina Dep't of Health and Envtl. Control,* 386 S.C. 357, 372, 688 S.E.2d 844, 852 (2010)). "When two statutes are incapable of reasonable reconcilement, the last statute passed will prevail, so as to impliedly repeal the earlier statute to the extent of the repugnancy." *Id*. (internal quotations and citation omitted).

The Act and the Statute are repugnant to one another and cannot be construed in a way to allow both to stand. The Statute contains an unlimited waiver of the County's immunity from suit based on the acts of third parties. This is in direct contradiction to section 15-78-20(b) of the Act which states, "[t]he General Assembly in this chapter intends to grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit for any tort except as waived by this chapter." The Statute is not in "this

chapter" and, as alleged by the Plaintiff, the County is a political subdivision of the state. (Dkt. No. 1 ¶ 10.)

The Plaintiff argues that the Statute is remedial in nature and therefore does not conflict with the Act. (Dkt. No. 23 at 2-3.) This court does not agree. "The Act clearly states it provides the exclusive remedy for governmental torts…." *Benton v. Roger C. Peace Hosp.,* 313 S.C. 520, 523, 443 S.E.2d 537, 538 (1994). The Act states, "Notwithstanding any provision of law, this chapter, the 'South Carolina Tort Claims Act', is **the exclusive and sole remedy** for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C. Code § 15-78-200 (emphasis added). The Legislative Findings codified in the Act reveal the General Assembly's intent stating that "[t]he remedy provided by this chapter is the **exclusive civil remedy** available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)." S.C. Code § 15-78-20 (emphasis added). The remedial nature of the Statute places it in direct contradiction with the Act.

To the extent that the Plaintiff argues that the Act relates to government conduct while the Statute allows a Plaintiff to recover for the acts of third parties, the Plaintiff's argument is in direct contradiction to the Act. (Dkt. No. 23 at 3.) The Act states that a "governmental entity is not liable **for a loss resulting** from: … an act or omission of a person other than an employee including but not limited to the criminal actions of third persons." S.C. Code § 15-78-60(20). (emphasis added). The emphasized language illustrates that the Act specifically contradicts the the Statute, which allows recovery from the county for loss resulting from the acts of others under a strict liability standard. The Statute is repeatedly at direct odds with the Act. This court

7

concludes that S.C. Code § 16-5-60 was impliedly repealed by the South Carolina Tort Claims Act, S.C. Code § 15-78-10, et seq., and recommends that Motion to Dismiss be granted.[3]

## Conclusion

Based on the forgoing, this court RECOMMENDS that Charleston County's Motion to Dismiss (Dkt. No. 11) be GRANTED as to all claims.

IT IS SO RECOMMENDED.

January 9, 2017

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Plaintiff argues that the County's Motion is not ripe because she has not yet obtained any judgment. (Dkt. No. 23 at 5-6) In all of the cases cited *supra* discussing the Statute, the courts dismissed the county defendants before any judgment was obtained. The Plaintiff's argument is inconsistent with this court's conclusion that the Statute was impliedly repealed by the Act.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).