## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | Case No 2:16-cv-00777-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Leigh Ann McGowan, individually; | ) | |
| Charles Francis Wholleb, individually; | ) | |
| Anthony M. Doxey, individually; | ) | |
| Michael Kouris, individually; | ) | |
| City of North Charleston; | ) | |
| Sandra J. Senn; | ) | |
| Senn Legal, LLC; and | ) | |
| Charleston County, | ) | |
| | ) | |
| Defendants. | ) | |

### I. Background

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 33) recommending that the Court grant with prejudice Defendants Sandra J. Senn and Senn Legal, LLC's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 8.) Plaintiff filed objections to the R. & R. on January 23, 2017, and Defendants Sandra J. Senn and Senn Legal, LLC (the "Senn Defendants") filed a reply. (Dkt. Nos. 35, 37.) This Court adopts the R. & R. as the order of the Court and grants Defendants Sandra J. Senn and Senn Legal, LLC's motion to dismiss. (Dkt. No. 8.)

Plaintiff has brought causes of action against the Senn Defendants under 42 U.S.C. § 1983 and for defamation under state law. (Dkt. No.1 ¶¶ 227-232, 246-258.) Plaintiff has brought a related case against the Senn Defendants and others (*Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB) and concedes that the defamation claims brought against the Senn Defendants here are the same as the claims in that suit. Plaintiff filed the same set of objections

referenced below to the Senn Defendants' motion to dismiss in that parallel case. Some of Plaintiff's objections in that document are only applicable to Magistrate's Report and Recommendation for the Senn Defendants' motion to dismiss in that case.

## II. Facts

Plaintiff alleges that she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance after a warrantless intrusion into her home on March 27, 2014. (Dkt. No. 1.) Plaintiff alleges multiple violations of her constitutional rights in connection with the warrantless entry and arrest.

Plaintiff alleges that Sandra J. Senn is a private citizen and Senn Legal, LLC is a domestic for-profit limited liability corporation with Sandra J. Senn as its principal. (*Id.* ¶¶5-7.) In 2014, the City of North Charleston and Defendants McGowan, Wholleb, Doxey, and Kouris hired the Senn Defendants to defend them in a legal action brought by the Plaintiff's mother.[1] (*Id.* ¶ 140.) After retaining the Senn Defendants, the City of North Charleston and Defendants McGowan, Wholleb, Doxey, and Kouris "began a series of retaliatory acts against" the Plaintiff and her mother. (*Id.* ¶ 141.) Plaintiff alleges that Sandra J. Senn joined the other Defendants in retaliation by defaming the Plaintiff in writing. (*Id.*) Plaintiff alternatively alleges that Defendant Senn acted on her own behalf. (*Id.* ¶ 142.)

Plaintiff alleges that the Senn Defendants falsely accused her of criminal acts, falsely denied that she sustained constitutional abuses, and disparaged Plaintiff to third persons in writing. (*Id.* ¶ 143.) Plaintiff alleges that Sandra J. Senn defamed Plaintiff both personally and on behalf of her clients. (*Id.* ¶¶ 246-58.) Plaintiff alleges that, because she asserted her rights, Defendant Senn wrote to third parties accusing the Plaintiff of lying, falsely reporting a crime

---

[1] Plaintiff's mother was left alone at the home when Plaintiff was arrested.

against her, felonious abuse of a vulnerable adult (her mother), and other misconduct. (*Id.* ¶ 250.) Plaintiff alleges Defendant Senn defamed Plaintiff with actual malice. (*Id.* ¶¶ 255-256.) Plaintiff alleges that Defendant Senn allowed Defendant McGowan to give false testimony in a deposition. (*Id.* ¶ 256.) Plaintiff also alleges Defendant Senn is liable under § 1983 for actions she took on behalf of her clients that infringed on Plaintiff's constitutional rights. (*Id.* ¶¶ 227-232.)

### III. Legal Standard

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

### IV. Discussion

a. Defamation Claims

For the reasons listed in the R. & R., Plaintiff's defamation claims in this action are precluded as impermissible claim splitting since they are duplicative. Plaintiff has conceded that the defamation claims in this action are the same as the defamation claims in another lawsuit in front of this Court. *See Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB, Dkt. No. 31

-3-

at 11. "[A] first lawsuit will bar a second lawsuit when there is: (i) 'an identity of the cause of action in both the earlier and the later suit; and [(ii)] an identity of parties or their privies in the two suits.'" *Wellin v. Wellin*, No. 2:13-cv-1831-DCN, 2014 WL 2434636, at *10 (D.S.C. May 28, 2014) (quoting *Pueschel v. United States,* 369 F.3d 345, 354–55 (4th Cir.2004)).

### i. Plaintiff's Objections to the Magistrate's Recommendation

Plaintiff has filed specific objections to the Magistrate's R. & R. Plaintiff has not specifically objected to the Magistrate's recommendation that the Court dismiss the defamation claims in this action because they are duplicative of the defamation claims in *Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB. For this reason, the Court dismisses Plaintiff's defamation claims in this action.[2]

### b. 42 U.S.C. § 1983 Claim

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo,* 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

For the reasons listed in the R. & R., Plaintiff has failed to state a claim against Sandra J. Senn under 42 U.S.C. § 1983 because Defendant Senn was not a state actor when she acted on

---

[2] At footnote 3 of her objections, Plaintiff objects to the Magistrate's claim splitting findings as to the Senn Defendants' § 1983 liability, but the Magistrate only recommended that this Court dismiss the defamation claims against the Senn Defendants in this action based on claim splitting.

behalf of her clients. Plaintiff has not alleged facts to show that Defendant Senn acted under color of state law in any way. A private attorney representing state actors does not act under color of state law for § 1983 purposes. *Jenkins v. McDonald Patrick Poston Hemphill & Roper LLC, et al.*, No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Feb. 5, 2015) *Rep't & Recommendation adopted*, No. 5:14-cv-04498-RMG-KDW at *3 (D.S.C. Mar. 3, 2015) (citing *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005)).

### i. Plaintiff's Objections to the Magistrate's Recommendation

Plaintiff has filed objections to the R. & R. (Dkt. No. 35.) This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Plaintiff has objected to the R. & R. insofar as it determined that Defendant Senn was not a state actor or acting under color of state law. Plaintiff reminds the court that the Complaint only alleges that Defendant Senn's "capacity to act may have been on behalf of state actors, and to that extent, she can be a state actor by acting on behalf of those state actors." (Dkt. No. 35 at 6.) The law is too blunt to split that hair.

Plaintiff acknowledges that she has made no § 1983 claims against Defendant Senn in her individual capacity. (Dkt. No 35 at 6.) To the extent Plaintiff is asking the Court to keep the Defendant Senn in this lawsuit on a conspiracy theory (and Plaintiff has provided no legal support for any other theory[3]), she has failed to meet her pleading burden to do so. Plaintiff argues that if this litigation reveals that Defendant Senn played a role in destroying evidence, she may have done so "in a representative capacity for state actors" so her actions "will bear on the Second Cause of Action as part of the conspiracy allegations." (Dkt. No. 35 at 6.) Plaintiff can bring a private attorney into a civil rights law suit on a conspiracy theory, *Tower v. Glover*, 467

---

[3] Plaintiff cites only to *Banks v. M.U.S.C.*, 444 S.E.2d 519, 521 (S.C. 1994) in her objections here. *Banks* provides no support for Plaintiff's position.

U.S. 914, 919–20 (1984), but Plaintiff must allege that the private attorney was "a willful participant in joint action with the state or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (allegation that private persons conspired with judge in judicial bribery scheme sufficient for § 1983 purposes). Plaintiff also must "assert facts from which this Court could infer a conspiratorial agreement." *Wiggins v. 11 Kew Garden Court,* 497 F. App'x 262, 264 (4th Cir. 2012). A bare assertion of conspiracy is insufficient. *Id.* Plaintiff has not alleged facts sufficient to indicate that Defendant Senn had an agreement with other defendants acting under the color of state law to deprive Plaintiff of her rights. Plaintiff's allegation at ¶ 256 of the Complaint that the Senn Defendants allowed Defendant McGowan to falsely testify that she had not been deposed before when they had deposed her in a previous case does not indicate to the Court that the Senn Defendants conspired with Defendant McGowan to deprive Plaintiff of her constitutional rights in this case. (Dkt. No. 1.)

**Conclusion**

For the reasons above, the Court GRANTS the Senn Defendants' motion to dismiss. This Order has no effect on any claims in the parallel action (*Jane Doe 202a v. Cannon et al.*, 2:16-cv-00530-RMG-MGB).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 13, 2017
Charleston, South Carolina