IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jane Doe 202a, | ) | Case No 2:16-cv-00777-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Leigh Ann McGowan, individually; | ) | |
| Charles Francis Wholleb, individually; | ) | |
| Anthony M. Doxey, individually; | ) | |
| Michael Kouris, individually; | ) | |
| City of North Charleston; | ) | |
| Sandra J. Senn; | ) | |
| Senn Legal, LLC; and | ) | |
| Charleston County, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 34) recommending that the Court grant Defendant Charleston County's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 11.) Plaintiff filed objections to the R. & R. on January 23, 2017, and Charleston County filed a reply. (Dkt. Nos. 36, 38.) This Court adopts the R. & R. as the order of the Court and grants Charleston County's motion to dismiss. (Dkt. No. 11.)

**I.   Facts**

Plaintiff, through counsel, brought this action under 42 U.S.C. § 1983 and state law. Plaintiff alleges that on March 27, 2014, she was wrongfully arrested in her home for assaulting a police officer in violation of a North Charleston City Ordinance after a warrantless intrusion into her home. (Dkt. No. 1.) Plaintiff alleges multiple violations of her constitutional rights related to the warrantless entry and arrest but does not allege that Defendant Charleston County infringed on her rights in any way. Rather, Plaintiff alleges that, under S.C. Code § 16-5-60,

Charleston County, as a political subdivision of the state of South Carolina, is responsible for the payment of damages for any award she may receive for the other Defendants' infringement of her constitutional rights. (*Id.* ¶¶ 10, 237-241.)

## II. Legal Standard

On a motion to dismiss under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)).

## III. Discussion

Plaintiff's claim against Charleston County is based solely on S.C. Code 16-5-60,[1] a statute enacted in 1871 to hold counties strictly liable for failing to protect citizens' political rights and liberties (the "1871 Statute"). Plaintiff and Defendant disagree about whether the 1871 Statute was impliedly repealed by the South Carolina Tort Claims Act, S.C. Code § 15-78-10, et

---

[1] The statute reads: "Any citizen who shall be hindered, prevented or obstructed in the exercise of the rights and privileges secured to him by the Constitution and laws of the United States or by the Constitution and laws of this State or shall be injured in his person or property because of his exercise of the same may claim and prosecute the county in which the offense shall be committed for any damages he shall sustain thereby, and the county shall be responsible for the payment of such damages as the court may award, which shall be paid by the county treasurer of such county on a warrant drawn by the governing body thereof. Such warrant shall be drawn by the governing body as soon as a certified copy of the judgment roll is delivered to them for file in their office." S.C. Code § 16-5-60.

seq ("the Tort Claims Act"). This Court finds that the 1871 Statute was impliedly repealed by the Tort Claims Act because the two laws are plainly repugnant to each other. This decision is consistent with the decisions of other South Carolina courts, as described in the R. & R.

## IV. Plaintiff's Objections to the R. & R.

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Petitioner has objected to the R. & R., arguing that the 1871 Statute and the Tort Claims Act have separate purposes, scopes, and rationales so are not repugnant to each other but are capable of "reasonable reconcilement." (Dkt. No. 36 at 2.) Plaintiff says the purpose of the 1871 Statute is remedial in nature, so it can be reconciled with the liability and damage limits for governmental torts set out in the Tort Claims Act. For the same reasons explained by the Magistrate (Dkt. No. 34 at 6-7), this Court disagrees. The Tort Claims Act explicitly states that it provides the exclusive civil remedy for governmental torts. *See* S.C. Code § 15-78-200; *Benton v. Roger C. Peace Hosp.*, 443 S.E.2d 537, 538 (S.C. 1994). The 1871 Statute directly contradicts the Tort Claims Act because it provides a separate civil remedy for governmental torts. Therefore, the Tort Claims Act impliedly repealed the 1871 Statute.

## V. Conclusion

For these reasons, the Court **GRANTS** Defendant Charleston County's motion to dismiss. (Dkt. No. 11.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 13, 2017
Charleston, South Carolina