IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jane Doe 202a,<br><br>        Plaintiff,<br><br>v.<br><br>Leigh Ann McGowan, individually;<br>Charles Francis Wohlleb, individually;<br>Anthony M. Doxey, individually;<br>Michael Kouris, individually;<br>City of North Charleston;<br><br>        Defendants. | Case No 2:16-cv-00777-RMG<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 81) recommending that the Court grant in part, deny in part, and find moot in part Defendants' Partial Motion to Dismiss (Dkt. No. 57). Plaintiff filed objections to the R. & R., and Defendants filed a reply. (Dkt. Nos. 83, 86.) For the reasons set forth below, the Court adopts the R. & R. as the order of the Court. Defendants' Partial Motion to Dismiss (Dkt. No. 57) is **GRANTED** as to Plaintiff's Eleventh and Sixteenth Causes of Action, **DENIED** as to Plaintiff's Fourth Cause of Action, and found to be **MOOT** as to Plaintiff's First and Fifteenth Causes of Action.

### I. Background and Relevant Facts

The Court adopts the relevant facts as outlined in the R. & R. (Dkt. No. 81 at 1-4.)

### II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### III. Discussion

#### A. First and Fifteenth Causes of Action

Plaintiff's First and Fifteenth Causes of Action seek injunctive and declaratory relief, respectively, against the City of North Charleston under Title 42, United States Code, Section 1983. Plaintiff has clarified that her requests for injunctive and declaratory relief pertain to "post-verdict relief." (Dkt. No. 61 at 1.) The Magistrate Judge has therefore recommended that the Court deny Defendants' Partial Motion to Dismiss as moot with respect to Plaintiff's First and Fifteenth Causes of Action. No party has objected to the Magistrate Judge's recommendation, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the relevant facts. Defendants' Partial Motion to Dismiss is therefore denied as moot with respect to Plaintiff's First and Fifteenth Causes of Action.

#### B. Fourth Cause of Action

Plaintiff's Fourth Cause of Action alleges that Defendants McGowan, Doxey, Wohlleb, and the City of North Charleston are liable for invasion of privacy under Section 1983 and under state law for their warrantless entry into Plaintiff's residence.[1] Defendants argue in their Partial

---

[1] For reasons explained in Footnote 5 of the R. & R. (Dkt. No. 81 at 7), the Magistrate Judge and this Court have analyzed Plaintiff's federal invasion of privacy claim in the context of the Fourth Amendment.

Motion to Dismiss that Plaintiff's Fourth Cause of Action is duplicative because it is subsumed within Plaintiff's Second Cause of Action, which is a Section 1983 claim against Defendants McGowan, Wohlleb, and Doxey for warrantless entry into her home. As the Magistrate Judge explained, while Plaintiff's Second and Fourth Causes of Action may be duplicative, that is not sufficient grounds to dismiss the Fourth Cause of Action, and allowing both claims to proceed at this time will not lead to excess discovery. (Dkt. No. 81 at 8.) The Magistrate Judge also explained that Plaintiff's allegations about Defendants' warrantless entry into her home are sufficient to state a state law claim for invasion of privacy. (Dkt. No. 81 at 16.) The Magistrate Judge therefore recommended that this Court deny Defendants' Partial Motion to Dismiss as to Plaintiff's Fourth Cause of Action. No party has objected to the Magistrate Judge's recommendation, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the relevant facts. Defendants' Partial Motion to Dismiss is denied as to Plaintiff's Fourth Cause of Action.

### C. Sixteenth Cause of Action

Plaintiff's Sixteenth Cause of Action alleges that the City is liable under Section 1983 or, in the alternative, under state law for unauthorized surveillance of Plaintiff and her home through attorney Sandra J. Senn. Plaintiff claims that Senn's actions violated the City's official policy which forbids police from conducting surveillance that is not directly related to suspected criminal activity. As the Magistrate Judge explained in the R. & R., the law is well-settled that a breach of internal policy alone cannot be the basis for a Section 1983 claim. (Dkt. No. 81 at 14.) The Magistrate Judge therefore recommended that Plaintiff's Section 1983 claim for unauthorized surveillance in the Sixteenth Cause of Action be dismissed because Plaintiff has not sufficiently pleaded that the City has a policy or custom to unconstitutionally surveil the Plaintiff through its attorney, Sandra Senn.

The Magistrate Judge also recommended that this Court dismiss the state law invasion of privacy claim within Plaintiff's Sixteenth Cause of Action because Plaintiff's vague allegations about Sandra Senn's surveillance of her residence do not include factual allegations sufficient to maintain a claim against the City for unlawful surveillance, not least because Senn was not an employee of the city, and Plaintiff has not alleged that any Defendant in this case intentionally committed an invasion of privacy. No party objected to the Magistrate Judge's recommendations, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the relevant facts. Defendants' Partial Motion to Dismiss is granted with respect to Plaintiff's Sixteenth Cause of Action.

### D. Eleventh Cause of Action

In her Eleventh Cause of Action, Plaintiff alleges that Defendants McGowan, Wohlleb, Kouris, and the City are liable under Section 1983 for retaliating against the Plaintiff for her mother's state court lawsuit to intimidate Plaintiff from filing her own lawsuit. The details of Plaintiff's retaliation allegations are described at length in the R. & R. (Dkt. No. 81 at 9.)

#### *1. Individual Defendants McGowan, Wohlleb, and Kouris*

The Magistrate Judge recommended that the Eleventh Cause of Action be dismissed as to individual Defendants McGowan, Wohlleb, and Kouris because Plaintiff's only allegations against these individual Defendants concern their actions on March 27, 2014, the night of her arrest, long before Plaintiff's mother's lawsuit was filed. (Dkt. No. 81 at 11.) The Magistrate Judge explained that Plaintiff's argument that these individual defendants are liable for retaliation against the Plaintiff through the actions of their lawyer, Sandra J. Senn, is contrary to law because vicarious liability cannot form the basis for liability in Section 1983 lawsuits. (*Id.* at 11-12.) The Magistrate Judge therefore concluded that the Plaintiff had failed to allege that Defendants McGowan, Kouris, and Wohlleb personally retaliated against the Plaintiff and

recommended that Plaintiff's Eleventh Cause of Action be dismissed as to these individual Defendants. (*Id.* at 12.) No party objected to the Magistrate Judge's recommendation as to these individual defendants, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the relevant facts. Defendants' Partial Motion to Dismiss is granted with respect to Plaintiff's Eleventh Cause of Action against individual defendants McGowan, Wohlleb, and Kouris.

## 2. *City of North Charleston*

The Magistrate Judge also concluded that Plaintiff had failed to state a retaliation claim against the City of North Charleston and recommended that this Court grant Defendants' Partial Motion to Dismiss as to Plaintiff's Eleventh Cause of Action against the City. Plaintiff objects[2] to this recommendation, claiming that the Magistrate Judge "misconstrued and ignored allegations in the amended complaint, so has failed to construe the complaint in the light most favorable to the plaintiff." (Dkt. No. 83 at 2.) The Magistrate Judge's analysis is excerpted in full here:

> The City argues it cannot be held liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." (Dkt. No. 57 at 10 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, (1978).) A city "is only liable under section 1983 if it causes such a deprivation through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell*, 436 U.S. at 690-91). *Carter* stated four ways that a city may be found liable through official policy or custom. "Municipal policy may be found in written ordinances and regulation . . . in certain affirmative decisions of individual policymaking officials . . . or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens." *Carter*, 164 F.3d at 218. A municipal custom may be established "[o]utside of such formal decisionmaking channels . . . if a practice is so 'persistent and widespread'

---

[2] This was Plaintiff's only substantive objection to the R. & R. Plaintiff also asked the Court to note the following: (1) that there is no dispute about whether the purse/bag was present at the scene, but there is a dispute about whether the blood stains on the bag supported the officers' entry into the home; and (2) that the defense verdict in Plaintiff's mother's state court case has been appealed. (Dkt. No. 83 at 1-2.)

and 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 691).

The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell*, 436 U.S. at 691 (holding "that a municipality cannot be held liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 405 (1997).

The Plaintiff argues that the city is liable through the actions of Senn acting as the City's attorney in the mother's state court case. (Dkt. No. 61 at 17-19.) The Plaintiff argues that the City is liable for the constant harassment alleged in paragraph 248 of the Amended Complaint. The Plaintiff does not allege that the City had any official policy to retaliate against the Plaintiff. The Plaintiff argues that the city had an "ad hoc policy" by an authorized decision maker in Ms. Senn. (Dkt. No. 61 at 17.)

"While municipal 'policy' is found most obviously in municipal ordinances, regulations and the like which directly command or authorize constitutional violations, it may also be found in formal or informal ad hoc 'policy' choices or decisions of municipal officials authorized to make and implement municipal policy...." *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987) (internal citations omitted). "'Policy' in this context implies most obviously and narrowly a 'course of action consciously chosen from among various alternatives' respecting basic governmental functions, as opposed to episodic exercises of discretion in the operational details of government." *Id.* A policy maker has "authority to set and implement general goals and programs of municipal government, as opposed to discretionary authority in purely operational aspects of government." *Id.*

As alleged by the Plaintiff, Ms. Senn was a lawyer retained to represent the City and individual police officers in a lawsuit brought by the Plaintiff's mother. (Dkt. No. 54 ¶ 138.) The Plaintiff has not alleged that Senn held "authority to set and implement general goals and programs of municipal government" for the City. The Plaintiff has not sufficiently pleaded that the City has an official policy or custom or an ad hoc policy or custom to retaliate against the Plaintiff. Therefore, the undersigned recommends that the Plaintiff's Eleventh Cause of Action be dismissed.

(Dkt. No. 81 at 12-14.)

In her objections to the R. & R., Plaintiff first argues that the Magistrate Judge ignored the following allegations in the amended complaint:

a. Paragraph 138, that the defendants hired Senn to represent them,

b. Paragraph 139, that after hiring Senn, "the City and the defendants began a series of retaliatory acts" against the plaintiff,

c. Paragraph 167, that the City's officers acted "under color of state law and pursuant to City policy, in affirmatively acting so as to violate the plaintiff's Constitutional rights,"

d. Paragraph 173, that "[t]he City's custom or policy deprived the plaintiff" of her Constitutional rights.

(Dkt. No. 83 at 2.) The Magistrate Judge did not ignore these allegations; she found that these facts and allegations were insufficient to support a retaliation claim against the City. (Dkt. No. 81 at 8-14, including references to each of the allegations (a – d) above)).

Plaintiff also argues that "[t]he Magistrate's error is in viewing those allegations [as] a means of alleging vicarious liability for the city. (Dkt. No. 83 at 3.) Plaintiff claims that the "City is not alleged to be liable because its agents retaliated, but because it authorized retaliatory actions by its agents." (*Id.*) Plaintiff claims that "what the complaint alleges is a program of retaliation, approved by the City and other defendants, aimed at the plaintiff with the expressed intention to "shake" her after the case on behalf of the mother was filed. Not, as the Magistrate concluded, allegations of municipal liability because agents acted in a retaliatory manner." (*Id.* at 3-4.)

Plaintiff mischaracterizes the Magistrate Judge's analysis. The Magistrate Judge noted that "the doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions." She went on to explain that the City may be liable if its policy or custom caused tortious conduct. She concluded that Plaintiff had failed to allege that the City had an official

policy or custom that caused retaliation against Plaintiff or that attorney Senn had the policy-making authority to effectuate an ad hoc policy of retaliation against Plaintiff for which the City could be held liable.

Plaintiff goes on to argue that the determination of whether an official had final policymaking authority is a question of state law, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, (1986), and that "under state law, counsel effectuates clients' decisions, and acts for the client, and when the agent acts it is the client's actions" (Dkt. No. 83 at 3). Plaintiff assert that attorney Senn's statement in an email about being unable to "shake" the Plaintiff is evidence of a municipal policy sufficient to hold the City liable under *Monell*. For reasons outlined in *Monell*, which the Magistrate Judge discussed in the R. & R., there are policy consideration behind limiting the extent to which a municipality can be held liable under Section 1983 for the actions of an individual, in this case a private attorney retained to defend the City in the Plaintiff's mother's state court lawsuit. The Supreme Court's decision in *Monell* and the Fourth Circuit's decision in *Spell* are controlling law, and the Court finds that the Magistrate Judge correctly applied the law to the facts of this case. Plaintiff's contention is that the City of North Charleston may be held liable for a Section 1983 retaliation claim based on the following statement of its attorney, Sandra Senn, in an email: "I really like the Sadlers and they have gotten tangled up with a crazy lady and we can't seem to shake her. This case is too convoluted to put in a single email but your clients did the right thing by calling the police." (Dkt. No. 114 at 6.) This email from Sandra Senn falls fall short of what is needed, under *Monell* and *Spell*, to show that Senn had undertaken a program of retaliation against the Plaintiff and that Senn had the decision-making authority under *Spell* to effectuate that program of retaliation as a policy, such that the City can be held liable for Senn's actions. For these reasons, the Court adopts the Magistrate

Judge's recommendation with respect to Plaintiff's Eleventh Cause of Action against the City of North Charleston.

## IV.  Conclusion

For the reasons set forth above, this Court adopts the R. & R. as the order of the Court. Defendants' Partial Motion to Dismiss (Dkt. No. 57) is **GRANTED** as to Plaintiff's Eleventh and Sixteenth Causes of Action, **DENIED** as to Plaintiff's Fourth Cause of Action, and found to be **MOOT** as to the Plaintiff's First and Fifteenth Causes of Action.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 15, 2018
Charleston, South Carolina