IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Parker Meyer, | Case No 2:16-cv-00777-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Leigh Ann McGowan, individually;<br>Charles Francis Wohlleb, individually;<br>Anthony M. Doxey, individually;<br>Michael Kouris, individually;<br>City of North Charleston; | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 166) recommending that the Court grant in part and deny in part Defendants' Partial Motion for Summary Judgment (Dkt. No. 70) and that the Court grant in part and deny in part Defendants' Motion for Summary Judgment as to Certain Claims based on Collateral Estoppel (Dkt. No. 117).[1] Plaintiff filed objections to the R & R, and Defendants filed a reply. (Dkt. Nos. 167, 169.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

### I. Background and Relevant Facts

The Court adopts the relevant facts as outlined in the R. & R. (Dkt. No. 166 at 1 – 7.)[2] In brief, Plaintiff alleges that on March 27, 2014, Defendants McGowan, Doxey and Wohlleb entered her house without a warrant and then proceeded to assault and arrest her in her own home. Plaintiff

---

[1] There is an additional R & R (Dkt. No. 168) on Defendants' Motion for Summary Judgment on All Remaining Claims (Dkt. No. 120). The deadline for Defendants' Reply to Plaintiff's Objections (Dkt. No. 170) to that R & R is September 13, 2018.

[2] Plaintiff's objections to the factual findings in the R & R are discussed with the relevant legal arguments.

further alleges that Defendant Kouris, also an officer, transported Plaintiff to jail and defamed the Plaintiff by telling jail staff that she had abused her mother, who has dementia.

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff filed objections to certain recommendations in the R & R, as outlined below, and therefore those portions of the R & R are reviewed *de novo*. (Dkt. No. 167.) All other portions of the R & R are reviewed for clear error. Defendants have not filed objections.

## III. Discussion

### A. Collateral Estoppel

The Magistrate Judge found that two prior rulings precluded Plaintiff from litigating already decided issues. First, a prior state court action, *Jane Doe 202 v. City of North Charleston et al.*, 2014-CP-10-4591 ("the state case"), brought by Plaintiff's mother, Jane Doe, against the same Defendants as the case here. Second, this Court's Order on a Motion to Dismiss in the Plaintiff's companion case, *Meyer v. Cannon et al.*, 2:16-cv-530-RMG-MGB ("the 530 case").

*1. Prior State Court Action*

The Magistrate Judge determined that the state case precluded re-litigation of the issue of warrantless entry into her mother's home in Plaintiff's second (warrantless entry), third (trespass), fourth (invasion of privacy) and thirteenth (§ 1983 against the City of North Charleston) causes of action. (Dkt. No. 166 at 13; Dkt. No. 54.) The Magistrate Judge concluded the state case did not preclude other issues in those causes of action, such as the alleged warrantless entry into Plaintiff's bedroom, stating that "the remaining claims brought under these causes of action are not precluded." (Dkt. No. 166 at 13.) The Magistrate Judge held that the state case did not preclude Plaintiff's defamation claim in her twelfth cause of action. (Dkt. No. 166 at 13.)

As the Magistrate Judge correctly found, federal courts use state law to determine preclusion where the prior judgment was from a state proceeding. *Ayers v. Cont'l Cas. Co.*, 2007 WL 1960613, *4 (N.D.W. Va. 2007) (citation omitted). Under South Carolina state law, the party asserting collateral estoppel must show that the issue of fact or law in the present lawsuit was: "(1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554 (S.C. Ct. App. 2009). All three elements of collateral estoppel are met in this case. In the state case, the Plaintiff's mother asserted § 1983 claims against the same Defendants as the current case, and a following a two week trial the state jury reached a verdict that the Plaintiff's mother failed to prove that Defendants made a warrantless entry into her house. (Dkt. No. 80-1 at 5, 7, 9.)

Plaintiff in her objections seemingly argues that these issues were not actually litigated or directly determined in the prior action. Plaintiff argues that the "state court" applied an "incorrect standard for warrantless entry" and that issues in the prior cases were not "identical" because this Court has "permitted a broader scope of discovery" and in general "[Defendant] McGowan's credibility was not tested...." (Dkt. No 167 at 5 – 6.)

Neither of these arguments are persuasive. First, the state court and Magistrate Judge applied the correct standard for warrantless entry in a civil action. While in a criminal proceeding the government must prove that entry was reasonable, in a § 1983 action and other civil cases, it is the plaintiff's burden to establish that she was deprived of a right. *See Lee v. City of Richmond, Va.*, 100 F. Supp. 3d 528, 535 (E.D. Va. 2015), *aff'd sub nom. Lee v. Bevington*, 647 F. App'x 275 (4th Cir. 2016) ("Thus, to prevail, [the plaintiff] must establish that he was 'deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.'") (citation omitted). Second, the issue precluded was actually litigated. To begin with, the R & R only recommended precluding the issue that was decided in the prior action; namely, the entry into the home. All other issues, such as entry into the bedroom, are not precluded. Further, the issue was undoubtedly litigated and decided in the prior action after a two week trial in which the jury returned a verdict form on this precise issue. Plaintiff's argument that this case involves broader discovery and an opportunity to test Defendant McGowan's testimony is unavailing. *See Doe v. S.C. Bd. of Educ.*, No. 8:14-CV-02061-BHH, 2016 WL 1274041, at *5 (D.S.C. Mar. 31, 2016) (finding that issues were actually litigated where plaintiff argued that their attorney in the prior state case "was prohibited from using a line a [of] questioning to impeach Defendants.").

Finally, Plaintiff objects that she did not have any control over the state case and therefore did not have an opportunity to actually litigate the issue. (Dkt. No. 167 at 7.) While the traditional test for collateral estoppel required the same parties, modern courts allow a defendant to assert collateral estoppel against a non-party "when the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issue." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 555, 684 S.E.2d 779, 782 (Ct. App. 2009).

Plaintiff's Memorandum of Law to the Magistrate Judge and Objections to this Court both make the conclusory statement that "plaintiff had zero control over her mother's [state] case." (Dkt. No. 167 at 7.) However, the Magistrate Judge correctly found that Plaintiff had a full and fair opportunity to previously litigate the issue. Plaintiff chose the same counsel in this case as the state case, was the source of all facts for the prior case, was generally the person with the "most knowledge" of her mother's affairs, was the only fact witness in the state case, and controlled her mother's finances during the majority of the pendency of the state case. (Dkt. No. 17-1; 17-3 at 2 – 5.) Further, the Plaintiff's interests here and her mother's in the state case are identical; both argue that the police entered their home without a warrant. *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 555 – 556, 684 S.E.2d 779, 782 (Ct. App. 2009) (finding contractor had "full and fair" opportunity to litigate issue in prior action brought by its sole officer and shareholder where contractor was not a party but their interests were "identical"). Therefore, Plaintiff had a "full and fair" opportunity to litigate the issue in the state case and collateral estoppel applies here. The Court therefore grants summary judgment to the Defendants solely on the issue of warrantless entry to the house in Plaintiff's second, third, fourth and thirteenth causes of action.

Neither Plaintiff nor Defendants objected to the Court's finding that Plaintiff's twelfth cause of action for defamation is not precluded because the state case disposed of the issue with a summary order lacking any analysis. (Dkt. No. 166 at 13 –14.) The Court agrees with the R & R, and the twelfth cause of action is not precluded.

2. *530 Case Order on Motion to Dismiss*

Neither Plaintiff nor Defendants objected to the Magistrate Judge's recommendation that the this Court's order in the companion 530 case precludes re-litigation of Plaintiff's fourteenth cause of action for defamation. The cause of action is related to emails sent by Defendants'

attorney in the state case. The Magistrate Judge further found that an absolute litigation privilege extended to the litigants, the Defendants here. The Court agrees with the Magistrate Judge's analysis and the Defendants are entitled to summary judgment on the fourteenth cause of action.

**B. Motion on the Merits**

The Magistrate Judge recommended granting summary judgment on Plaintiff's second cause of action under § 1983 for warrantless entry, fourth cause of action under § 1983 for invasion of privacy, tenth cause of action under § 1983 for false imprisonment as to Defendants Wohlleb and Kouris, and thirteenth cause of action under § 1983 against the City of North Charleston. (Dkt. No. 166 at 16 – 26.) The Magistrate Judge recommended that the summary judgment not be granted on Plaintiff's tenth cause of action under § 1983 against Defendant McGowan. (Dkt. No. 166 at 23 – 25.)

*1. Second Cause of Action for Warrantless Entry*

Plaintiff first objects extensively to the R & R's statement of the facts, arguing that the Magistrate Judge failed to construe all inferences and ambiguities "in favor of the non-moving party." (Dkt. No. 167 at 2 – 3.) To begin with, Plaintiff argues over a variety of non-material facts, such as whether the bag outside Plaintiff's was a purse or a gardening bag, the location of Plaintiff's shoes outside the house, or whether the light was on or off in her car when the officers arrived. (Dkt. No. 167 at 2 – 3.) These non-material facts do not impact the Court's grant of summary judgment. *See* Fed. R. Civ. P. 56(a).

Plaintiff also focuses on the nature of the blood that the Defendant officers saw on Plaintiff's bag outside her house, and insists that any blood on the bag was dried, rather than fresh as alleged by the officers. (Dkt. No. 167 at 3 – 5, 8 – 9.) Plaintiff argues that since she alleges the

blood was dried, the Defendants had no reason to believe anyone was in danger of imminent injury and therefore acted unreasonably in entering the house without a warrant. Plaintiff is incorrect.

First, there is substantial uncontroverted evidence in the record that there was blood on the bag. The Plaintiff's expert found that there was blood on the bag. (Dkt. No. 79-4.) Furthermore, Plaintiff conceded at a deposition that it was possible that during the night of March 27, 2014, the bag had "something that look[ed] like blood on it." (Dkt. No. 70-3.) Finally, the R & R made no determination regarding whether the bag actually had blood on it. Instead, the Magistrate Judge's discussed what the Defendant officers perceived when outside the home on March 27, 2014, during a time period at which Plaintiff was asleep. There is therefore no dispute of fact in the record that the officers saw a substance that reasonably looked like blood on the Plaintiff's bag when they arrived at the home. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) (in analyzing Fourth Amendment claims, courts "analyze this question from the perspective '"of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."'") (citation omitted).

Plaintiff further objected that the Defendant officer's warrantless entry into both the home and eventually her bedroom was unreasonable. (Dkt. No. 167 at 7 – 10.) As the Magistrate Judge correctly held, "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006). In determining whether an officer's entry into a home is justified under this doctrine, "we ask whether the circumstances known to [the officer] would create an 'objectively reasonable belief that an emergency existed that required immediate entry to render assistance or prevent harm to persons or property within.'" *Hunsberger v. Wood*, 570 F.3d 546, 555 (4th Cir. 2009) (citation omitted). "To determine whether a law enforcement officer

faced an emergency that justified acting without a warrant, [the court] looks to the totality of circumstances." *Missouri v. McNeely*, 569 U.S. 141, 149 (2013).

The Defendant officer's acted in an objectively reasonable manner when they entered the home without a warrant. The Defendants were aware of the nature of a 911 call when they arrived on the scene, and Defendant McGowan testified in a deposition that the dispatcher told her that a female had been pounding on the door to a home and screaming, and that the woman was possibly "the daughter that resided in the house." (Dkt. No. 70-1 at 4.) The Defendants further saw a bag that seemed to have blood on it that had been left unattended in the yard. (Dkt. No. 70-1 at 6 – 7.) These factors would lead an objectively reasonable officer to believe that there may be an ongoing emergency in the house. The Plaintiff argues that once the Defendants spoke to the Plaintiff's mother they should have left the house. (Dkt. No. 167 at 10.) However, again, it would be reasonable for the officers to want to check on the person they had reason to believe may be in danger. Namely, a "daughter that resided in the house." Finally, as the Magistrate Judge correctly noted, Plaintiff's allegations regarding the actual arrest in her bedroom after Defendant McGowan entered the room supports her wrongful arrest claim rather than her warrantless entry claim.

Plaintiff cites to *Mincey v. Arizona*, 437 U.S. 385 (1978), to argue that Defendants in this case exceeded the reasonable scope of their warrantless entry since such a search must be "strictly circumscribed by the exigencies which justify its initiation." *Id.* at 393 (finding that warrantless search was unreasonable where police initiated a four-day search of an apartment). While *Mincey*'s facts are distinguishable, the Court finds that the Defendants here followed its exhortation to make sure their search was tailored to the exigencies of the situation. The Defendants here had an objectively reasonable concern that a woman, likely a daughter who lived

in the house, was distressed and possibly bleeding and it was therefore reasonable for them to remain in the home until they discovered that the Plaintiff was safe.

Plaintiff additionally objects to the Magistrate Judge's recommendation that the Defendants are entitled to qualified immunity. (Dkt. No. 167 at 10 – 11.) "Qualified immunity shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff argues that qualified immunity is not warranted here because the Defendants allegedly "fabricated evidence." (Dkt. No. 167 at 10.) However, outside of Plaintiff's conclusory assertions, there is no evidence that the Defendants fabricated evidence. Instead, Plaintiff seems to argue that since the Court must construe all ambiguities in favor of the Plaintiff, any assertion to the contrary by the Defendants (e.g., that there was fresh blood on the bag) is "fabricated evidence." (Dkt. No. 167 at 5, 9.) That is simply not the case, and instead Defendants have demonstrated that they did not violate any clearly established statutory or constitutional right, and indeed were acting reasonably. Summary judgment therefore is granted on the Plaintiff's second cause of action under § 1983 for warrantless entry.

### 2. *Fourth Cause of Action for Invasion of Privacy*

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant summary judgment on the Plaintiff's fourth cause of action for invasion of privacy. (Dkt. No. 167 at 11.) Plaintiff's invasion of privacy cause of action is largely duplicative of her warrantless entry claim, and implicates the same rights. *See Payton v. N.Y.*, 445 U.S. 573, 588 (1980) (holding that invasion of privacy and warrantless entry rights "implicate the same interest in preserving the privacy and the sanctity of the home, and justify the same level of constitutional protection" under the Fourth

Amendment). Therefore, for the same reasons as stated above, the Defendants are entitled to summary judgment on Plaintiff's fourth cause of action under § 1983.

### 3. Tenth Cause of Action for False Imprisonment

Neither Plaintiff nor Defendants objected to the Magistrate Judge's recommendation that the this Court grant summary judgment on Plaintiff's tenth cause of action for false imprisonment against Defendants Wohlleb and Kouris and deny summary judgment as to Defendant McGowan. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014). There is a dispute of material fact regarding what occurred prior to Plaintiff being arrested in her bedroom, and therefore Defendant McGowan is not entitled to summary judgment on the tenth cause of action. Regarding Defendants Wohlleb and Kouris, the Magistrate Judge was correct that they cannot be held liable for relying on Defendant McGowan's decision to arrest Plaintiff. *See Mattox v. City of Beaufort*, No. 9:14-cv-0384 DCN, 2015 WL 4488036, at *10 (D.S.C. July 22, 2015) (officer's actions were objectively reasonable when she helped a fellow sworn officer serve a facially valid arrest warrant even though the fellow sworn officer had falsified facts to establish probable cause to obtain the warrant). Therefore, summary judgment is granted on the tenth cause of action as to Defendants Wohlleb and Kouris, and denied as to Defendant McGowan.

### 4. Thirteenth Cause of Action under §1983 against the City

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant summary judgement on the Plaintiff's claim that the City of North Charleston maintained a policy and practice of allowing unconstitutional warrantless entries into residences. A city "is only liable under section 1983 if it causes such a deprivation through an official policy or custom." *Carter v.*

*Morris*, 164 F.3d 215, 218 (4th Cir. 1999) *citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, (1978). Plaintiff failed to demonstrate a deprivation of rights based on a warrantless entry, and therefore this claim fails. Defendants are therefore entitled to summary judgment on Plaintiff's thirteenth cause of action.

**IV.    Conclusion**

For the reasons set forth above, this Court adopts the R & R as the order of the Court. Plaintiff's objections are **OVERRULED**. Defendants' Motion for Summary Judgment as to Certain Claims based on Collateral Estoppel (Dkt. No. 117) is **GRANTED** as to claims regarding a warrantless entry into Plaintiff's home on the second, third and fourth causes of action, and **GRANTED** as to the Plaintiff's thirteenth and fourteenth causes of action. The Motion is **DENIED** as to the twelfth cause of action. Defendants' Partial Motion for Summary Judgment on the Merits (Dkt. No. 70) is **GRANTED** as to Plaintiff's § 1983 claims in her second, fourth and thirteenth causes of action, **GRANTED** as to Plaintiff's § 1983 claims against Defendants Wohlleb and Kouris in the tenth cause of action, and **DENIED** as to Plaintiff's § 1983 claims against Defendant McGowan in the tenth cause of action.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

September  8 , 2018
Charleston, South Carolina