IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Parker Meyer, | ) | Civil Action No. 2:16-cv-00777-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Leigh Ann McGowan, individually; | ) | |
| Charles Francis Wohlleb, individually; | ) | |
| Anthony M. Doxey, individually; | ) | |
| Michael Kouris, individually; | ) | |
| City of North Charleston, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 168) recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment on All Remaining Claims (Dkt. No. 120).[1] Plaintiff filed objections to the R & R, and Defendants filed a reply. (Dkt. Nos. 170, 172.) For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R, and grants in part and denies in part Defendants' Motion for Summary Judgment.

I. **Background**

The Court adopts the relevant facts as outlined in the R & R. (Dkt. No. 168 at 1 - 7.)[2] In brief, Plaintiff alleges that on March 27, 2014, Defendants McGowan, Doxey and Wohlleb entered her house without a warrant and then proceeded to assault and arrest her in her own home. Plaintiff

---

[1] This Court recently issued its Order and Opinion adopting a Report and Recommendation (Dkt. No. 166) and granting in part and denying in part Defendants' Motion for Partial Summary Judgment (Dkt. No. 70) and Defendants' Motion for Summary Judgment as to Certain Claims based on Collateral Estoppel (Dkt. No. 117). This Order and Opinion on Defendants' Motion for Summary Judgment on All Remaining Claims (Dkt. No. 120) rules of all remaining claims.

[2] Plaintiff's objections to the R & R's factual findings are discussed in the relevant legal sections.

further alleges that Defendant Kouris, also an officer, transported Plaintiff to jail and defamed the Plaintiff by telling jail staff that she had abused her mother, who has dementia.

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

B.  **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff filed objections to certain recommendations in the R & R, as outlined below, and therefore those portions of the R & R are reviewed de novo. (Dkt. No. 170.) All other portions of the R & R are reviewed for clear error. Defendants have not filed objections.

III.  **Discussion**

A.  **§ 1983 Claim Against Defendant McGowan for Excessive Force**

The Magistrate Judge recommended denying summary judgment on Plaintiff's ninth cause of action against Defendant McGowan under § 1983 for use of excessive force. Neither Plaintiff nor Defendants objected to the Magistrate Judge's recommendation. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) *citing* 42 U.S.C. § 1983. To determine whether the use of excessive force to seize a citizen violates the Fourth

Amendment, this court must analyze whether an officer's actions were objectively reasonable. *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018). To do so, courts assess three factors: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id. citing Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Court agrees with the Magistrate Judge that the Defendants are not entitled to summary judgment on Plaintiff's claim for excessive force. Plaintiff alleges that she was asleep in her bed until Defendant McGowan woke her up, threw her to the ground, and arrested her for assaulting an officer. (Dkt. No. 120-3 at 22 – 23.) While Defendant McGowan recounts a different sequence of events, Plaintiff denies that she ever struck Defendant McGowan. (*Id.*) Therefore, construing all inferences in favor of Plaintiff, she never assaulted a law enforcement officer and posed no immediate threat to Defendant McGowan. While Plaintiff admits she was "kicking away, trying to get out from underneath" Defendant McGowan, she contends that Defendant McGowan remained in complete control the entire time. (Dkt. No. 120-3 at 22.) Given the totality of the circumstances, the contradictory testimonies of Plaintiff and Defendant McGowan create a genuine issue of material fact as to whether Plaintiff assaulted Defendant McGowan. The Magistrate Judge also correctly noted that the contradictory testimony also creates a genuine issue of material fact regarding whether qualified immunity bars the Plaintiff's claims. Therefore, summary judgment is denied on Plaintiff's ninth cause of action under § 1983 for excessive force.

### B. State Law Claims against the City of North Charleston

The Magistrate Judge recommended granting summary judgment on the third cause of action for trespass, fourth cause of action for invasion of privacy, fifth cause of action for negligent hiring, sixth cause of action for negligent supervision, seventh cause of action for negligent

retention, tenth cause of action for false imprisonment based on the actions of Defendants Wohlleb and Kouris, and twelfth cause of action for defamation. The Magistrate Judge recommended denying summary judgment on Plaintiff's eighth cause of action for assault, ninth cause of action for battery, and tenth cause of action for false imprisonment based on the actions of Defendant McGowan. All of these claims were brought pursuant to the South Carolina Tort Claims Act ("the Act"), S.C. Code § 15-78-10 *et seq.*, which "governs all tort claims against governmental entities." *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004). The Act is the exclusive remedy for any tort committed by an employee of a government entity acting within the scope of their official duty. S.C. Code Ann. § 15-78-70. The Act also provides for forty "exceptions" to the limited waiver of sovereign immunity. S.C. Code Ann. § 15-78-60.

*1. Third Cause of Action for Trespass*

This Court has already ruled that the part of this claim related to the entry into the house is precluded by collateral estoppel. (Dkt. No. 171 at 6.) Plaintiff objects to the Magistrate Judge's recommendation on two grounds. First, the Plaintiff argues that the Magistrate Judge used the wrong legal standard, and second that the Magistrate Judge failed to construe the facts in favor of the Plaintiff. (Dkt. No. 170 at 3 – 4.)

The R & R applied the correct legal standard. "For a trespass action to lie, the act must be affirmative, the invasion of the land must be intentional, and the harm caused by the invasion of the land must be the direct result of that invasion." *Hawkins v. City of Greenville*, 358 S.C. 280, 296, 594 S.E.2d 557, 566 (Ct. App. 2004) (citation omitted). Furthermore, the Act, under § 15-78-60(9), states that a government entity is not liability for loss resulting from lawful entry onto property. As this Court has already held, Defendants entry into Plaintiff's home, and ultimately her bedroom, was lawful. (Dkt. No. 171 at 9.) The Defendants had an articulable and objectively reasonable concern that a woman, likely a daughter who lived in the home, was distressed and

possibly bleeding. (Dkt. No. 70-1 at 4 – 7.) Plaintiff's objection that the Magistrate Judge relied on "what the police did not know" is therefore incorrect. (Dkt. No. 170 at 3.) Instead, the Defendant officers entering the property had an objectively reasonable belief that an emergency existed based on reports of a woman pounding and yelling on the door and the blood present on a bag in the front yard. (Dkt. Nos. 70-1 at 4 – 7; 70-3 at 3 – 4.) The Defendant officers therefore had an objectively reasonable belief that an emergency existed requiring immediate entry. *See Hunsberger v. Wood*, 570 F.3d 546, 555 (4th Cir. 2009) (citation omitted). This entry was lawful and the claim is barred under the Act. S.C. Code Ann. § 15-78-60(9).

The Plaintiff also reiterates her objection that the Magistrate Judge failed to construe the facts in the light most favorable to her, focusing on whether there was "fresh" blood" on a bag outside her home. (Dkt. No. 170 at 5.) As discussed in this Court's prior Order, that objection is unpersuasive. Plaintiff conceded at her deposition that the bag may have had "something that look[ed] like blood on it," Plaintiff was asleep at the time of entry, and there is no dispute that the Defendant officers saw a substance that reasonably looked like blood when they arrived at the home. (Dkt. Nos. 70-1 at 6 – 7; 70-3; 79-4.) Furthermore, Defendants were entitled to enter the bedroom even after speaking to the mother, who may not have had complete information, since they had an objectively reasonable concern regarding the Plaintiff. Summary judgment is therefore granted on Plaintiff's third cause of action for trespass.

2. *Fourth Cause of Action for Invasion of Privacy*

The Plaintiff objects that the Magistrate Judge again applied the incorrect legal standard and failed to construe the facts in the light most favorable to the Plaintiff in recommending summary judgment on the invasion of privacy cause of action. (Dkt. No. 170 at 9.) The Plaintiff's objection focuses on her allegations that she was "terrified and yelling" and physically injured by Defendant McGowan entering her room and subsequently arresting her. (Dkt. No. 170 at 9 – 10.)

To establish a claim for wrongful intrusion into private affairs under South Carolina law, a plaintiff must demonstrate that there was "(1) intrusion…(2) into that which is private…(3) substantial and unreasonable enough to be legally cognizable" and that it was "(4) intentional." *Johnson v. Ambling Mgmt. Co.*, No. 8:07-cv-1614-HFF, 2008 WL 4372909, at *2-3 (D.S.C. Sept. 17, 2008). The invasion of privacy claim largely duplicates Plaintiff's claims for trespass and fails for the same reason. The Defendant officers lawfully entered Plaintiff's bedroom to respond to exigent circumstances, and Defendant City therefore cannot be held liable on the state law invasion of privacy claims. S.C. Code Ann. § 15-78-60(9). Furthermore, Plaintiff's claims regarding her injuries from Defendant McGowan do not stem from the alleged wrongful intrusion, and instead relate to her claims for assault, battery, excessive force and false imprisonment. Therefore, summary judgment is granted on Plaintiff's fourth cause of action.

    *3.    Plaintiff's Fifth, Sixth, and Seventh Causes of Acton for Negligence*

Plaintiff objects to the Magistrate Judge's recommendation to grant summary judgment on her claims for negligent hiring, supervision and retention. (Dkt. No. 170 at 11.) While the R & R diligently proceeded through the relevant facts and highlighted potential issues of proof, this Court finds that there is a genuine issue of material fact regarding Plaintiff's negligence claims.

As the Magistrate Judge correctly held, negligent hiring cases "generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties." *Kase v. Ebert*, 392 S.C. 57, 63, 707 S.E.2d 456, 459 (Ct. App. 2011) (citation omitted). Similarly, to prove negligent retention, a plaintiff must show that "the employer had knowledge of its employee's habit of prior wrongdoings, and despite the foreseeability of harm to third parties, the employer failed to terminate the offending employee before he caused the plaintiff harm." *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 860 (D.S.C. 2015) (citation omitted). An employer is liable under a theory of negligent supervision when an employee "(1) is upon the premises of

the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control." *Degenhart v. Knights of Columbus*, 309 S.C. 114, 115, 420 S.E.2d 495, 496 (1992)).

Defendant McGowan was first hired by the City of North Charleston as a police officer in 2011 after serving as an officer with the Charleston Police Department ("CPD"). (Dkt. No. 54 at ¶ 200.) Defendant left the police force in March 2013 but was subsequently re-hired in October 2013. (Dkt. No. 120 at 41.) Prior to being hired by the Defendant City, Defendant McGowan was subject to four investigations by the Office of Professional Standards while serving in the CPD. (Dkt. No. 120 at 38.) One of the investigations looked into a complaint that Defendant McGowan lacked probable cause to enter a residence without a warrant and lacked probable cause to arrest an individual in the residence for disorderly conduct. (Dkt. No. 79-8 at 6 – 7.) The complaint also alleged that Defendant McGowan "pushed or otherwise caused [the] handcuffed [resident] to fall down steps at his home and mishandled him during the arrest." (*Id.* at 3.) The Magistrate Judge focused on the fact that the investigation ended in an exoneration, and held that such an investigation would not put the Defendant City on notice of Defendant McGowan's prior misconduct. (Dkt. No. 168 at 27.) However, the CPD investigation file included an internal letter that found that Defendant McGowan lacked probable cause for the warrantless entry and arrest, and recommended six days of suspension without pay. (Dkt. No. 79-8 at 6 – 7.)

This Court has previously held that prior internal investigations of police officers, even where the officer is ultimately not disciplined, can demonstrate knowledge sufficient to support a claim of negligence. *See Watson v. Adams*, No. CV 4:12-3437-BHH, 2017 WL 1001122, at *16 (D.S.C. Mar. 15, 2017) (in case involving claims of false imprisonment and unlawful arrest, court

denied summary judgment on negligent supervision claim against South Carolina Department of Public Safety because defendant officer's file had two prior written complaints of similar conduct, even though they were ultimately found to be "not sustained" and "unfounded"); *Doe-4 v. Horry Cty., S.C.*, No. 4:16-CV-03136-AMQ, 2018 WL 3227277, at *5 (D.S.C. July 2, 2018) (denying summary judgment on negligent supervision claim against police department where investigation held that complaint was "unfounded" and department received reports of misconduct).

There is some confusion in the record regarding how much of Defendant McGowan's CPD work record the Defendant City reviewed prior to hiring Defendant McGowan.[3] Nonetheless, even if the Defendant City did not receive Defendant McGowan's work records from the CPD, Plaintiff has created a genuine dispute of material fact regarding whether the Defendant City should have known about Defendant McGowan's prior alleged misconduct. Specifically, Plaintiff points to the North Charleston Police Department Policy # A – 28, which has the title "Selection Process." (Dkt. No. 141-2.) The Policy requires the Defendant City to conduct a background investigation, which includes "verification of work history and *evaluation of work record....*" (*Id.* at 2) (emphasis added). Therefore, this Court finds that, construing all inferences in favor of Plaintiff, there is a genuine issue of material fact regarding the Defendant City's knowledge and foreseeability of Defendant McGowan's arrests without probable cause based on a prior investigation for substantially the same conduct, namely, arresting an individual without probable cause and injuring the individual during the arrest.

Finally, Defendants' argument that there was no underlying tortious conduct because the warrantless entry was lawful is misplaced. The negligent hiring, supervision and retention claims

---

[3] The deposition of Plaintiff's expert, Vincent Henry, indicates that the Defendant City never obtained the investigation notes from the Charleston Police Department. (Dkt. No. 147-6 at 2.)

relate to Defendant McGowan's alleged use of excessive force and false imprisonment of Plaintiff, both of which survive summary judgment. Therefore, Plaintiff's motion for summary judgment is denied as to Plaintiff's fifth, sixth and seventh causes of action for negligence.

    *4.     Plaintiff's Eighth and Ninth Causes of Action for Assault and Battery*

Neither Plaintiff nor Defendants objected to the Magistrate Judge's recommendation to deny summary judgment on Plaintiff's claims for assault and battery. Under South Carolina law, "a law enforcement officer who uses reasonable force in effecting a lawful arrest is not liable for assault or battery. However, if the officer uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' the officer may be liable for assault or battery." *McCoy v. City of Columbia*, 929 F.Supp.2d 541, 567 (D.S.C. 2013) (internal citations omitted). The Magistrate Judge correctly concluded that a genuine issue of material fact remained as to whether the City is liable under the Act for the alleged assault and battery committed by Defendant McGowan prior to arresting the Plaintiff. The same conflicting testimony that precluded summary judgment on Plaintiff's § 1983 claim for excessive force against Defendant McGowan similarly prevents summary judgment on the claims for assault and battery. *See, e.g., Barfield v. Kershaw Cty. Sheriff's Office*, 638 F. App'x 196, 201-03 (4th Cir. 2016) ("[I]n the case of a viable excessive force claim under § 1983, Barfield's...battery claim [under the Act] against the KCSO also survives [summary judgment]."). Similarly, because of the disputed facts, it is for a fact-finder to determine whether the immunity provided under the Act applies here. *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 – 37 (D.S.C. 2017) ("Whether immunity applies therefore depends upon the facts of the case, and, where material facts are disputed, summary judgment is inappropriate and [i]mmunity under the statute is an affirmative defense that must be proved by the defendant at trial.") (citation omitted). Therefore, summary judgment is denied as to Plaintiff's eighth and ninth causes of action for assault and battery.

5. *Plaintiff's Tenth Cause of Action for False Imprisonment*

Plaintiff objects to the Magistrate Judge's recommendation that the state law claims based on the actions of Defendants Wohlleb and Kouris were abandoned. (Dkt. No. 168 at 10.) Neither Plaintiff nor Defendants object to the Magistrate Judge's recommendation to deny summary judgment for any state law claims against the City based on the actions of Defendant McGowan. Plaintiff abandoned the state law claims based on the actions of Defendants Wohlleb and Kouris when she failed to assert any legal reason why Defendants' motion for summary judgment should not granted on that claim. *Polite v. CACI, Inc.*, No. 3:15-01520-MGL, 2016 WL 6830971, at *1 (D.S.C. Nov. 21, 2016) *citing Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal."). Furthermore, this Court already determined that the actions of Defendants Wohlleb and Kouris were lawful when transporting Plaintiff. (Dkt. No. 171 at 11.) Finally, this Court adopts the Magistrate Judge's recommendation to deny summary judgment on Plaintiff's tenth cause of action for false imprisonment based on the actions of Defendant McGowan. "The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest." *McBride v. Sch. Dist. of Greenville Cty.*, 389 S.C. 546, 563-66, 698 S.E.2d 845, 856 (Ct. App. 2010) (citation omitted). This court has already concluded that a genuine issue of material fact exists as to whether probable cause existed when Defendant McGowan arrested the Plaintiff. (Dkt. No. 171 at 11.) As with Plaintiff's claims for assault and battery, a genuine issue of material fact exists as to whether the Act provides immunity to the City. *See Newkirk*, 240 F.Supp.3d at 435-37 (finding that the Act did not automatically bar plaintiff's claim for false imprisonment even though it was an intentional tort).

6. *Plaintiff's Twelfth Cause of Action for Defamation*

Plaintiff objects to the recommendation to grant summary judgment on her twelfth cause of action for defamation. (Dkt. No. 170 at 13.) "The tort of defamation permits a plaintiff to recover for injury to her reputation as the result of the defendant's communications to others of a false message about the plaintiff." *Paradis v. Charleston Cty. Sch. Dist.*, No. 2016-001337, 2018 WL 3636581, at *1 (S.C. Ct. App. Aug. 1, 2018).

Plaintiff objects to the Magistrate Judge's application of the sham affidavit rule to bar consideration of an affidavit submitted with her opposition to Defendants' Partial Motion for Summary Judgment (Dkt. No. 70) that alleges for the first time that she overheard an allegedly defamatory statement. Plaintiff claims that the Defendant officers informed individuals at the jail that Plaintiff's mother had her arrested and that Plaintiff abused her mother. (Dkt. No. 54 at ¶ 251.) However, in deposition testimony, Plaintiff responded multiple times that she had not overheard Defendant Kouris, or any other officer, relay this information, and that the only evidence of the defamation was "the fact that the jail was taunting [her] with it." (Dkt. No. 120-3 at 28, 42 -- 48.) Furthermore, evidence submitted in a companion case, 2:16-cv-530-RMG ("530 Case"), includes a video showing that the Plaintiff was the person to mention being arrested because of her mother. (530 Case Docket No. 59, Video 4.) While the Plaintiff objects and alleges that 34 minutes of tape were discarded which may show that the Plaintiff was not the first individual to mention her mother, the Plaintiff fails to present any evidence regarding the alleged destruction of relevant video. (Dkt. No. 170 at 14.) Further, Plaintiff acknowledged at a deposition that she was first taunted regarding her mother after being restrained, and the Magistrate Judge noted that the video shows Plaintiff mentioning her mother immediately prior to being restrained. (Dkt. No. 120-3 at 41 – 44.) This Court therefore agrees that an unsigned affidavit, submitted with her opposition to summary judgment and directly contradicting her prior testimony, should be disregarded.

*See Kinser v. United Methodist Agency for the Retarded-W. N. Carolina, Inc.*, 613 F. App'x 209, 210 (4th Cir. 2015). The Affidavit, further, does not identify which Defendant allegedly relayed the defamatory information, merely stating that the Plaintiff overheard a "male police officer." (Dkt. No. 79-25.) Therefore, even if the affidavit were considered, it would not create a dispute of material fact regarding Plaintiff's defamation claim. Summary judgment is granted as to Plaintiff's twelfth cause of action for defamation.

IV. **Conclusion**

For the reasons set forth above, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R. Defendant's Motion for Summary Judgment on All Remaining Claims (Dkt. No. 120) is **GRANTED** as to Plaintiff's third cause of action for trespass, fourth cause of action for invasion of privacy, tenth cause of action for false imprisonment against the Defendant City based on the actions of Defendants Wohlleb and Kouris, and twelfth cause of action for defamation. Defendant's Motion is **DENIED** on Plaintiff's fifth cause of action for negligent hiring, sixth cause of action for negligent supervision, seventh cause of action for negligent retention, eighth cause of action for assault, ninth cause of action against the Defendant City for battery, ninth cause of action under § 1983 against Defendant McGowan, and tenth cause of action for false imprisonment based on the actions of Defendant McGowan.[4]

**AND IT IS SO ORDERED.**

---

[4] As of the issuance of this Order, the following claims remain to be tried: fifth cause of action for negligent hiring, sixth cause of action for negligent supervision, seventh cause of action for negligent retention, eighth cause of action for assault, ninth cause of action for battery against the Defendant City and for use of excessive force under § 1983 against Defendant McGowan, and tenth cause of action for false imprisonment against the Defendant City and under §1983 against Defendant McGowan. (Dkt. Nos. 105, 171.) Plaintiff's first and fifteenth causes of action relate solely to post-verdict relief and therefore no ruling is issued on those claims at this time. (Dkt. No. 105 at 2.)

_____
Richard Mark Gergel
United States District Court Judge

September 18, 2018
Charleston, South Carolina