**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Parker Meyer, )<br><br>Plaintiff, )<br><br>v. )<br><br>Leigh Ann McGowan, individually; )<br>Charles Francis Wohlleb, individually; )<br>Anthony M. Doxey, individually; )<br>Michael Kouris, individually; )<br>City of North Charleston, )<br><br>Defendants. ) | Civil Action No. 2:16-cv-00777-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's motion for reconsideration (Dkt. No. 177).

For the reasons set forth below, the Court denies the motion.

**I.     Background**

In brief, Plaintiff alleged that on March 27, 2014, Defendants McGowan, Doxey and

Wohlleb entered her house without a warrant and then proceeded to assault and arrest her in her

own home.  Plaintiff further alleges that Defendant Kouris, also an officer, transported Plaintiff to

jail and defamed the Plaintiff by telling jail staff that she had abused her mother, who has dementia.

In two orders, the Court granted in part and denied in part Defendants' motion for summary

judgment.  (Dkt. Nos. 171, 174.)  In relevant part, the Court denied summary judgment on

Plaintiff's fifth, sixth and seventh causes of action for negligent hiring, supervision and retention.

(Dkt. No. 174 at 7 – 10.)  Defendants now move for reconsideration of the Court's denial of

summary judgment on Plaintiff's negligence claims, arguing that the Court made errors of fact and

law. (Dkt. No. 177)

-1-

## II.    Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## III.    Discussion

Defendants argue that the Court's ruling is based on a "misguided interpretation of the import" of an interim report recommending a finding that Defendant McGowan previously arrested an individual without probable cause. (Dkt. No. 177 at 4.) Defendants are incorrect, and instead the Court's ruling is based on its determination that a jury should be the one to interpret the import of the report.

As detailed in the Court's prior order, negligent hiring, supervision and retention cases "generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties." *Kase v. Ebert*, 392 S.C. 57, 63, 707 S.E.2d 456, 459 (Ct. App. 2011) (citation omitted). *See also Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 860 (D.S.C. 2015); *Degenhart v. Knights of Columbus*, 309 S.C. 114, 115, 420 S.E.2d 495, 496 (1992).

Prior to being hired by the Defendant City, Defendant McGowan was subject to four investigations by the Office of Professional Standards while serving in the Charleston Police Department ("CPD"). (Dkt. No. 120 at 38.) One of the investigations looked into a complaint that Defendant McGowan lacked probable cause to enter a residence without a warrant, pushed a handcuffed resident down a flight of stairs, and lacked probable cause to arrest an individual in the residence for disorderly conduct. (Dkt. No. 79-8 at 6 – 7.) Importantly, during the internal investigation, Captain Gary Tillman prepared an interim report ("Tillman Memo"), which found that there was no evidence that Defendant McGowan pushed the resident down the stairs while handcuffed, but did find that Defendant McGowan lacked probable cause when she arrested the resident for disorderly conduct. (*Id.* at 7 – 8.) Importantly, Tillman made a recommendation that Defendant McGowan receive a "one day suspension without pay" for the "arrest without probable cause."[1] (*Id.*) Ultimately, Defendant McGowan was "exonerated" of the charge upon review by a higher ranking officer.[2]

Defendants focus excessively on the fact that Defendant McGowan was exonerated in the internal review and the Tillman Memo was not adopted by the police department. However, while the Tillman Memo was not the final decision and Defendant McGowan was not disciplined, the Tillman Memo is still relevant to whether the Defendant City had, or should have had, knowledge and the foreseeability of similar harm. The Court relied on *Watson v. Adams*, No. CV 4:12-3437-BHH, 2017 WL 1001122 (D.S.C. Mar. 15, 2017) and *Doe-4 v. Horry Cty., S.C.*, No. 4:16-CV-

---

[1] Defendants argue that the Tillman Memo did not find that "McGowan lacked probable cause." (Dkt. No. 177 at 7.) However, the Tillman Memo explicitly ended with the recommendation for suspension based on the arrest without probable cause.

[2] Attached to this motion, Defendants submit the full file of the internal investigation disposition forms, including notes from the higher ranking officer, that were not before the Court on summary judgment. There is no argument these are "new evidence" as they date from 2010, and the Court notes that they do not affect its summary judgment ruling.

03136-AMQ, 2018 WL 3227277 (D.S.C. July 2, 2018) to support this point. As Defendants note, neither is binding on this Court. (Dkt. No. 8 – 9.) However, both courts denied summary judgment on claims of negligent supervision where the only prior complaints against an officer were determined to be "not sustained" or "unfounded," just as with the prior complaints against Defendant McGowan.[3]

Notably, in *Watson*, the court was struck by the similarity of the prior complaints and the case before it. *Watson*, 2017 WL 1001122 at *18 ("The complaints…describe [the officer] using his position…to harass others through, inter alia, traffic stops. The misconduct alleged in the instant matter is, essentially, that [the officer] used his position as an officer to harass [plaintiff] by fabricating a tip that would result in a traffic stop."). Here as well, the Court is struck by the similarity of the conduct in the prior complaint and the facts before the Court. Defendant McGowan was investigated by the CPD for entering a home without a warrant, injuring a resident, and arresting that resident for disorderly conduct without probable cause. Here, the Plaintiff alleges that Defendant McGowan entered her home without a warrant, injured her, and then arrested her without probable cause. Furthermore, here, as opposed to *Watson* and *Doe-4*, Plaintiff presented not only the prior complaints but also a detailed internal interim report, the Tillman Memo, that recommended finding that Defendant McGowan had arrested an individual without probable cause.[4]

---

[3] Defendants argue that in both *Doe* and *Watson* there was more than one prior complaint, whereas here the Court focused on the single complaint regarding the alleged unlawful entry and arrest. However, Defendant McGowan's file included four prior complaints, including the investigation discussed at length above. (Dkt. No. 120 at 38.) While two of the complaints dealt with misuse of leave, Plaintiff was also suspended by the CPD for improperly altering a ticket to a higher charge based on a driver's attitude. (Dkt. No. 79-19.)

[4] Defendants further argue that the Tillman Memo is irrelevant since it did not find any evidence to support the allegation that McGowan pushed the resident down stairs. However, the Tillman Memo did recommend finding that Defendant McGowan arrested the resident without probable

Finally, Defendants argue that the Defendant City had no knowledge of these misconduct complaints because they were with a prior employer, the CPD, and the Defendant City met state and national standards in hiring McGowan. Defendants, however, ignore the fact that their internal hiring policies, North Charleston Police Department Policy # A – 28, titled "Selection Process," requires the Defendant City to conduct a background investigation, which includes "verification of work history and *evaluation of work record....*" (Dkt. No. 141-2 at 2) (emphasis added). Defendants have not presented any evidence demonstrating that the policy, requiring "evaluation of work record," did not require the Defendants to actually review her work record from prior employers, and there is no evidence in the record that the Defendant City actually retrieved or evaluated any prior work records. Therefore, there is a dispute of material facts regarding whether the Defendant City, based on their hiring policy, should have known about the Tillman Memo and the prior complaints, and therefore summary judgment remains inappropriate for Plaintiff's fifth, sixth and seventh causes of action for negligent hiring, supervision and retention

## IV.     Conclusion

For the reasons above, Defendant's motion for reconsideration (Dkt. No. 177) is **DENIED.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 2⁄, 2018
Charleston, South Carolina

---

cause, which is relevant to the false imprisonment claim against Defendant McGowan that survived summary judgment. (Dkt. No. 171 at 11.)